# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4647 | **DATE** | 10/3/2011 |
| **CASE TITLE** | United States of America vs. Fanny Washington | | |

**DOCKET ENTRY TEXT**

Fanny Washington's motion brought pursuant to 28 U.S.C. § 2255 [1] is denied and the case is terminated.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

     Petitioner Fanny Washington ("petitioner" or "Washington") has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. For the reasons explained below, that petition is denied.

     The facts of this case are more fully set out in *United States v. Washington*, 385 Fed. Appx. 570 (7th Cir. 2010), but are essentially as follows. On December 6, 2008 a jury found Washington guilty on 17 counts of wire fraud, 18 U.S.C. § 1343, and 7 counts of presenting false claims to the Internal Revenue Service, *id.* § 287. Washington was convicted and sentenced to 41 months' imprisonment and ordered to pay restitution. The charges came about after Washington stole the identities of 11 clients of her tax-preparation service, filed false federal income tax returns in their names for tax years 2000 through 2003, and cashed $49,223 in refund checks. During roughly the same time period, she filed false returns for herself and her husband, claiming another $29,975 in refunds. Washington also defrauded the Social Security Administration by continuing to receive benefits on behalf of an elderly man with schizophrenia for 14 years after his death and depositing the funds into her own bank account. She had converted a total of $83,639 in benefits.

     Before me is Washington's petition made pursuant to 28 U.S.C. § 2255. In her petition, Washington argues that after the Supreme Court's decision in *Skilling v. United States*, 130 S.C.t 2896, 177 L.Ed.2d 619 (2010), the conduct for which she has been convicted is now non-criminal conduct. Washington's interpretation of *Skilling* and of the relevant statutes is incorrect.

     In *Skilling*, one issue before the Supreme Court was whether the jury had improperly convicted the defendant of conspiracy to commit "honest-services" wire fraud under 18 U.S.C. § 1346. 130 S.Ct. at 2907. The Court determined that § 1346 was not unconstitutionally vague but held that the statute could only criminalize bribes and kickbacks. *Id.* at 2931. Since the Government had not alleged that the defendant had

| STATEMENT |
|---|

solicited or accepted bribes or kickbacks, the Court found that he could not be convicted under § 1346. *Id.* at 2934. Notably, the Court did not overturn the defendant's conviction, which included counts for securities and wire fraud as well, but remanded the case for a determination of whether his conspiracy conviction rested on any theory other than an honest-services theory. *Id.*

I find Washington's reliance on *Skilling* to be misplaced as she was not charged with honest-services fraud under § 1346. Rather, she has been convicted pursuant to 18 U.S.C. §§ 287 and 1343. Contrary to Washington's reading, *Skilling* limited the behavior proscribed by § 1346, not § 1343, the traditional wire fraud statute. *See U.S. v. Fenzl*, 731 F.Supp.2d 796, 800 (N.D.Ill. 2010) (finding that the Supreme Court had not "insert[ed] additional elements or limitations to the traditional mail or wire fraud statutes").

In fact, though Washington claims that the jury instructions would not be proper after *Skilling*, just the opposite is true. The Court properly instructed the jury that a "scheme to defraud" under § 1343 is "a scheme that is intended to deceive or cheat another and to obtain money or property or cause the loss of money or property to another." Jury Instructions at 15, No. 06 CR 364, ECF No. 63. The jury instructions make no mention of "honest services" and do not refer to § 1346 or any of the language found therein.

The Supreme Court's holding in *Skilling* in no way affects Washington's conviction, and for this reason, Washington's petition pursuant to 28 U.S.C. § 2255 is denied.